FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

JOHAN HENRIQUEZ MARTINEZ,

Defendant.

---

10-CR-914-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

1

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

On December 20, 2010, Johan Henriquez Martinez pled guilty to Count One of a two-count indictment. The indictment charged that on October 30, 2010, the defendant did knowingly and intentionally import cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 960(a)(1) and (b)(3).

Martinez was sentenced on February 17, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 13 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 12 and 18 months. The calculation of the total offense level included a four-point adjustment for his minor role in the offense and a three-point adjustment for acceptance of responsibility. The guidelines range of fine was from $3,000 and $1,000,000. Count Two was dismissed.

Martinez was sentenced to 6 months incarceration and 3 years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) *to ensure* that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

Importing narcotics into the United States is a serious crime. Defendant smuggled 380.6 grams of cocaine from the Dominican Republic into New York. He told federal agents that this was the tenth drug smuggling trip he had made. In all occasions he was acting as an internal courier.

Defendant, 33 years of age, was born in Santiago, Dominican Republic. He has a third grade education and is functionally illiterate. His father was abusive and his parents were estranged during his childhood. Defendant's mother came to the United States for employment opportunities when he was very young.

Defendant came to the United States in 2003. He has a solid and consistent work history, working at a factory in Haverstraw, New York. Defendant was terminated in 2008 due to the economic downturn and returned to the Dominican Republic. Until the instant offence he had been residing there. Defendant's mother and two siblings reside and work in New York and have been supportive to him.

A sentence of 6 month's incarceration reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in smuggling drugs into the United States will result in a substantial prison sentence. Specific deterrence is not an issue in this case. Defendant is indigent and uneducated. His mother plans to return to Dominican Republic with him. It is unlikely that he will return to the United States in view of the serious criminal sanctions if he is

3

arrested while on supervised release. Given his strong commitment to his family and his expressions of remorse, it is unlikely that he will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: February 17, 2011
       Brooklyn, New York